**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | 3:10-cr-00142-RCJ-VPC-1 |
| vs. ) | |
| RUBEN DE LA PENA, ) | **ORDER** |
| Defendant. ) | |

Pending before the Court is Defendant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 77). For the reasons given herein, the Court denies the motion.

## I.     FACTS AND PROCEDURAL HISTORY

A grand jury indicted Defendant Ruben De La Pena on a single count of Possession with Intent to Distribute Methamphetamine, 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii). (*See* Indictment, Nov. 17, 2010, ECF No. 8). Defendant moved, *inter alia*, for the Court to exclude evidence of drugs recovered at the traffic stop after a canine alerted to the vehicle because there was no reasonable suspicion or probable cause to make the traffic stop in the first instance, Defendant's consent to search was involuntary, and statements Defendant made prior to the search were made during custodial interrogation without *Miranda* warnings. Judge Edward C. Reed denied the motion. (*See* Mins., June 10, 2011, ECF No. 26).

Pursuant to a plea agreement, Defendant then changed his plea to guilty before Judge Reed. (*See* Change of Plea Hr'g, June 21, 2011, ECF No. 31; Plea Agreement, June 21, 2011,

ECF No. 32).  Defendant waived the right to appeal or collaterally attack any aspect of his sentence or conviction, except: (1) the denial of his motion to suppress; (2) his sentence, if, and only to the extent, it might be an upward departure from the sentencing guidelines; and (3) any non-waivable ineffective assistance of trial counsel claims. (*See* Plea Agreement 2 ¶ 10).  This Court sentenced Defendant to 150 months imprisonment, to be followed by five years of supervised release. (*See* J. 1–3, Mar. 19, 2012, ECF No. 51).

Defendant appealed, and the Court of Appeals vacated the sentence and remanded for a determination of whether the officer who conducted the traffic stop had made his initial error in reporting the license plate number in good faith. (*See* Mem. Op., June 6, 2013, ECF No. 58).  It had been the officer's initial error in reporting the license plate number to dispatch that had resulted in the dispatcher reporting back to the officer that the license plate did not match the vehicle. (*See id.*).

On remand, the Court set an evidentiary hearing. (*See* Mins., June 7, 2013, ECF No. 59; Mins., June 13, 2013, ECF No. 61).  Before the hearing, however, Defendant agreed to plead guilty once again, pursuant to a new plea agreement, so the Court changed the evidentiary hearing to a consolidated change of plea and sentencing hearing. (*See* Mins., Aug. 27, 2013, ECF No. 72; Mins., Sept. 3, 2013, ECF No. 73).  The Court sentenced Defendant to 120 months imprisonment, to be followed by five years of supervised release. (*See* J. 1–3, Sept. 3, 2013, ECF No. 75).  Defendant agreed to a binding 120-month sentence and waived the right to appeal or collaterally attack any aspect of his sentence or conviction, except: (1) his sentence, if, and only to the extent, it might be an upward departure from the sentencing guidelines; and (2) any non-waivable ineffective assistance of trial counsel claims. (*See* Plea Agreement 8, Sept. 3, 2013, ECF No. 74).  Defendant has asked the Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

1  II.     LEGAL STANDARDS

2          Substantive legal arguments not raised on direct appeal are said to be "procedurally
3  defaulted" and cannot be raised later in a collateral attack. *See Massaro v. United States*, 538
4  U.S. 500, 504 (2003).  There are exceptions to the procedural default rule when a defendant can
5  show (1) cause and prejudice, or (2) actual innocence. *United States v. Ratigan*, 351 F.3d 957,
6  962 (9th Cir. 2003) (citing *Bousley v. United States*, 523 U.S. 613, 622 (1998)).  This has been
7  the test since *Wainwright v. Sykes*, 433 U.S. 72, 90–91 (1977).

8          "Cause" means "some objective factor external to the defense" that impeded the
9  defendant's efforts to comply with the procedural requirement. *McCleskey v. Zant*, 499 U.S. 467,
10 493 (1991).  Among the reasons that can constitute "cause" are government coercion, *see United*
11 *States v. Wright*, 43 F.3d 491, 497–99 (10th Cir. 1994), ineffective assistance of counsel, *see*
12 *McCleskey v. Zant*, 499 U.S. 467, 494 (1991), and a "reasonable unavailability of the factual or
13 legal basis for the claim." *See id.*

14         Ineffective assistance of counsel is "cause" excusing procedural default only where the
15 failure rises to the level of a constitutional violation under *Strickland*. *United States v. Skurdal*,
16 341 F.3d 921, 925–27 (9th Cir. 2003) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).
17 Ineffective assistance of counsel claims meeting the *Strickland* test are not procedurally
18 defaulted, and such claims can be brought for the first time under a § 2255 motion even if they
19 could also have been brought on direct appeal. *Massaro*, 538 U.S. at 504.  Ineffective assistance
20 of counsel claims under § 2255 are essentially a special variety of "cause and prejudice" claim.
21 The prejudice required is the same, but the cause is based specifically on constitutionally
22 deficient counsel rather than some other miscellaneous "objective factor external to the defense."
23 *McCleskey*, 499 U.S. at 493.

24

25

The Sixth Amendment right to effective assistance of counsel is violated when: (1) counsel's performance was so deficient so as not to constitute the "counsel" guaranteed by the Sixth Amendment; and (2) the deficiency prejudiced the defense by "depriv[ing] the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. There is a "strong presumption" of reasonable professional conduct. *Id.* at 698. When this presumption is overcome and an attorney's "unprofessional errors" are such that there is a "reasonable probability" the result would have been different had the errors not occurred, the defendant has been deprived of his Sixth Amendment rights. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). "Reasonable probability" is a lower standard than "more likely than not." *Nix v. Whiteside*, 475 U.S. 157, 175 (1986). The analysis does not focus purely on outcome. *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993). The trial must also have been fundamentally unfair or unreliable. *Williams v. Taylor*, 529 U.S. 362, 391–92 (2000). Counsel's tactical decisions with which a defendant disagrees do not rise to the level of ineffective assistance unless the decisions are so poor as to meet the general test for constitutionally defective assistance. *See Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 85–86 (2009).

"Prejudice" means that "the constitutional errors raised in the petition actually and substantially disadvantaged [a defendant's] defense so that he was denied fundamental fairness." *Murray v. Carrier*, 477 U.S. 478, 494 (1986). A showing of prejudice requires demonstration of a "reasonable probability that . . . the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Vansickel v. White*, 166 F.3d 953, 958–59 (9th Cir. 1999) (quoting *Strickland*, 466 U.S. at 694)).

Also, issues "clearly contemplated by, and subject to, [a] plea agreement waiver" cannot be brought in a § 2255 motion. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993); *see United States v. Pipitone*, 67 F.3d 34, 39 (2d Cir. 1995) (holding that waiver of the right to

appeal does not constitute "cause" excusing procedural default on an issue).  This is a commonsense rule.  If waiver of the right to appeal itself constituted cause excusing a failure to appeal, a defendant who had waived his right to appeal would have the same ability to obtain review as a defendant who had not waived that right.

### III.     ANALYSIS

First, Defendant argues that he pled guilty without understanding the procedural posture of his case.  Defendant has waived the right to collaterally attack his conviction and sentence for any reason apart from ineffective assistance of trial counsel or an upward departure.

Second, Defendant argues that his trial counsel was ineffective for failing to fully inform him of the procedural posture of his case.  Presumably, Defendant means to complain of counsel's failure to press for the evidentiary hearing rather than advising him to take the plea offer.  This claim of ineffective assistance of trial counsel is procedurally defaulted, however, because it was available on direct appeal.  *Strickland* does not excuse the default, because not only was trial counsel not ineffective for failing to file ineffective assistance of trial claims on appeal, trial counsel could not have ethically done so.  Although Defendant retained the right to appeal based upon ineffective assistance of trial counsel, he was bound to appeal himself or find other counsel to pursue that claim.  There is no indication in the record that Defendant ever demanded substitute counsel.  And even if the procedural default could be excused based upon counsel's ineffective assistance in not pursuing an appeal based upon her own ineffectiveness, there is no prejudice, because the underlying ineffective assistance claim that Defendant argues he desired to bring on direct appeal is without merit.  Defendant obtained the benefit of a 120-month sentence via the Plea Agreement (the statutory minimum), thereby avoiding a potential life sentence upon a jury conviction.  *See* 21 U.S.C. § 841(b)(1)(A)(viii).  He obtained this benefit after testifying under oath in this Court, *inter alia*: that he had committed the crime as charged

and as previously allocuted to, that he had had the Plea Agreement read and explained to him in his native language of Spanish (during a recess at the hearing itself), that he understood it, and that he understood he was waiving further appeal of the suppression issue via the agreement.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 77) is DENIED.

IT IS SO ORDERED.

Dated this 24th day of March, 2014.

_____
ROBERT C. JONES
United States District Judge